UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID EUGENE CAUSEY,            )
                                )
        Plaintiff,               )
                                )
    5.                           )    No. 3:04-0797
                                )    JUDGE ECHOLS
DIPAK LACHMANDES and HARSHA     )
LACHMANDES, and UNITED          )
BROTHERS, LLC,                  )
                                )
        Defendants.              )

## MEMORANDUM

Pending before the Court is Defendants Dipak and Harsha Lachmandes's Motion to Dismiss to which Plaintiff David Causey has responded in objection and Defendants have replied. (Docket Entry Nos. 19, 29 & 34). Also pending is those Defendants' and Defendant United Brothers LLC's Motion for Summary Judgment to which Plaintiff has responded and Defendants have replied. (Docket Entry Nos. 20, 30 & 35).

## I. FACTS

This is a negligence action which arose as a result of a shooting that took place on September 4, 2003, at the Super 8 Motel, at 2306 Brick Church Pike in Nashville. Defendants Dipak and Harsha Lachmandes are the owners of the motel property.

1

However, Defendant United Brothers, LLC leases the property and operates the Super 8 Motel.[1] (Docket Entry No. 13, ¶¶ 3-4.).

With regard to the incident giving rise to this litigation, Plaintiff claims two men entered his room, demanded money, and then shot him in the face. Plaintiff's Complaint is very specific as to the alleged causation and negligence on the part of the Defendants. In his Amended Complaint, Plaintiff avers as follows:

> 10. Upon information and belief, Defendant's [sic] Super 8 Motel had been broken into the night before Plaintiff's stay, and the master key had been stolen.
>
> 11. Defendants had a duty to Plaintiff to protect him from criminals using a key taken from the Defendants to unlawfully enter Plaintiff's room and harm the Plaintiff.
>
> 12. Defendants breached his [sic] duty to the Plaintiff by failing to take precautionary measures to prevent injury to the Plaintiff by third parties entering Plaintiff's room by using the stolen key and by failing to warn Plaintiff that the master key had been stolen. Said failure on the part of the Defendants constitutes negligence. Further, Defendants disregarded a known risk, constituting negligence.
>
> 13. As a direct and proximate result of Defendants' acts and/or omission, Plaintiff has sustained serious and painful injury and disfigurement which is permanent in nature and which has caused him to incur great medical expense and lost wages.
>
> 14. As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff has suffered a

---

[1] Dipak Lachmandes owns a ninety-nine percent interest in United Brothers, LLC, with Harsha owning the other one-percent. All of the Defendant are named on the mortgage. Dipak Lachmandes generally runs the motel. (Dipak Lachmandes Depo. at 12-18).

2

>           loss of enjoyment of life, and has suffered great
>           pain, of both the body and mind, for all of which
>           these Defendants are liable.

(Docket Entry No. 13, ¶¶ 10-14).

On September 2, 2003, Plaintiff checked himself into the Super 8 Motel and was assigned Room 222. At the time, Plaintiff filled out a sales receipt which, among other things, indicated that the motel was "not responsible for property damage or loss" and further that the guest "assumes all risks of personal injury unless caused by [the] hotel's sole negligence." (Docket Entry No. 22, Ex. 1).

The following day, at approximately 12:30 in the afternoon, the motel was robbed by a lone male suspect who brandished a blunt object similar to a tire iron. (Docket Entry No. 22). On duty at the time was Mosharrof Hossain, the same clerk who had checked Plaintiff into the motel. According to Mr. Hossain, the only thing taken was money. No master key card was stolen at that time or at any other time prior to September 5, 2003. (Id.). Had the master key card been stolen, it easily could have been deactivated and a new one programmed in its place. (Id.).

Wil Nesbitt, a detective in the Robbery Unit for the Metropolitan Police Department who investigated the robbery, has submitted an affidavit in support of Defendants' Motion for Summary Judgment in which he indicates he was informed $192.00 was stolen during the robbery and there was no claim that a master key card had been stolen. (Docket Entry No. 21).

3

A suspect was apprehended two days later and connected to several motel and gas station robberies which had taken place in the previous five days. In the suspect's possession at the time of his arrest was a tire iron. (Id.). Detective Nesbitt further claims that based upon his investigation, the robbery suspect "had no connection whatsoever with the shooting that took place at the motel on September 4, 2003." (Id.).

Ramenbhai Patel and his wife are housekeepers at the motel. Mr. Patel claims (and the logs submitted in support of Defendants' Motion for Summary Judgment confirm) that the master key card was in their possession between the hours of 8:00 a.m. and 3:00 p.m. on September 3, 2003, (Docket Entry Nos. 23 & 24), and not at the front desk when the robbery occurred. Mr. Patel has also averred he does not know how to make a duplicate of the master key. (Id).

The logs for the motel show that the master key card was checked out to housekeeping the follow day, September 4, 2003, from 8:30 a.m. until 2:00 p.m. (Docket Entry No. 24). It was checked out the next day, September 5, 2003, from 8:15 a.m. until 2:55 p.m. The clerk on duty at the time Plaintiff was shot, Sudhir Babu, avers that throughout his shift, the master key card was locked in a drawer at the front desk and he did not give out a key card to Room 222 at any time during that night.

4

In an effort to support his claim that the master key card was stolen which gave access to individuals to enter Room 222 and shoot him, Plaintiff has submitted his own affidavit. He has also tendered the affidavit of Jason Rosalia, another Metropolitan police detective.

According to Plaintiff, on the night of the shooting, he had possession of both key cards which had been issued to him upon checking into the motel. He further avers that prior to retiring for the evening, he checked the door of the motel room, as was his habit, and found it was latched and locked. (Docket Entry No. 30, Ex. B). In his deposition, Plaintiff admitted he had no evidence a key card was stolen and his belief a key card was stolen is based on speculation. (Causey Depo. Excerpt at 3).

Detective Rosalia investigated the shooting incident involving the Plaintiff. According to Detective Rosalia, "there was absolutely no sign or indication of a forced entry to the motel room," leading him to conclude "that either 1) the door was unlocked, or 2) the assailant possessed a key." (Docket Entry No. 31).

Detective Rosalia also submitted an affidavit in support of Defendants' Motion for Summary Judgment. In that affidavit, Detective Rosalia states that even though he investigated the shooting incident of September 4, 2003, he has "no personal knowledge of any alleged 'stolen key' that would have allowed an

5

intruder access to plaintiff's motel room," nor "personal knowledge that any key (or key card) has ever been stolen from the subject Super 8 Motel." (Docket Entry No. 25). Detective Rosalia concludes his affidavit by stating "[a]ny mention that a stolen master key or any key may have been used to access the plaintiff's motel room was pure speculation on my part." (Id.).

## II. STANDARD OF REVIEW

### A. Summary Judgment Standard

A party may obtain summary judgment if the evidence establishes there are not any genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Covington v. Knox County School Sys., 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. See Martin v. Kelley, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine issue of material fact that is disputed. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Covington, 205 F.3d at 914 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if

6

appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 325. A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**B.  Motion to Dismiss Standard**

In evaluating the Amended Complaint under Rule 12(b)(6), the Court must accept as true all of Plaintiff's allegations and resolve all doubts in Plaintiff's favor. See Craighead v. E.F. Hutton & Co., 899 F.2d 485, 489 (6th Cir. 1990). The Court should not dismiss the Amended Complaint or Defendants named therein unless it appears beyond doubt that Plaintiff cannot prove any set of facts in support of his claims that would entitle him to relief. See id.

### III.  ANALYSIS

**A.  Defendants' Motion For Summary Judgment**

In order to be liable for negligence under Tennessee law, a plaintiff must prove: (1) a duty of care owed by defendant to

7

plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury; (4) causation in fact; and (5) proximate or legal cause. Colin v. City of Savannah, 966 S.W.2d 34, 39 (Tenn. 1998). "Recovery in a negligence action may occur only if the plaintiff can prove that the defendants' conduct was negligent and was the proximate cause of plaintiff's injury." Kellner v. Budget Car and Truck Rental, Inc., 359 F.3d 399, 403 (6th Cir. 2004)(applying Tennessee law).

In this case, Motel 6 had a duty to the Plaintiff to exercise due care under all of the circumstances. Zang v. Leonard, 643 S.W.2d 657, 663 (Tenn. Ct. App. 1982). Although a duty of due care existed, Plaintiff has offered nothing, aside from conclusory allegations and speculation, that such a duty was breached.

Plaintiff's sole theory is a master key card was stolen from the front desk, Defendants were obliged to protect him from criminals using such a key, and it was incumbent upon Defendants to warn Plaintiff the key had been stolen. Unfortunately for Plaintiff, there is not a whit of evidence to show a master key card had been stolen at any time prior to his taking up residence at the motel in September 2003.

Quite the contrary, the only evidence is that the master key card was never stolen or missing prior to the shooting in question. In fact, when the motel was robbed shortly before the shooting, the master key was not even at the front desk. Instead, it was

8

returned to the front desk after the robbery, having been checked out and checked in the day preceding the shooting. At the time of the shooting, the master key card was safely ensconced in a drawer at the front desk. This evidence has not been rebutted by Plaintiff.

In an effort to try to establish the master key could have been stolen, Plaintiff points to his affidavit and the affidavit of Detective Rosalia. However, both are admittedly based upon speculation since Detective Rosalia was not at the motel at the time of the shooting and Plaintiff was asleep when entry was made.

Speculation is not enough to survive summary judgment since "[t]he 'mere possibility' of a factual dispute does not suffice to create a triable case." Shah v. Racetrac Petroleum Co., 338 F.3d 557 (6th Cir. 2003). While this Court is not to weigh the evidence in ruling on a motion for summary judgment, the Court is to determine whether "[a] genuine issue for trial exists" and this occurs "only when there is sufficient 'evidence on which the jury could reasonably find for the plaintiff.'" National Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d 900, 907 (6th Cir. 2001), citing, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986).

In this case there is no evidence, let alone sufficient evidence, from which a jury could reasonably find Defendants' breached its duty of care because the master key card had been

9

stolen and Plaintiff was not warned of the theft. When speculation is placed to the side, the only facts Plaintiff has mustered to support his claims is that he was shot by an intruder while staying at the Super 8 Motel.

Obviously, merely because Plaintiff was injured after being shot does not make it the responsibility of the Motel. "Tennessee courts have repeatedly stated that negligence is not presumed from the mere fact of an accident or injury." Kellner, supra, 359 F.3d at 403.

Were the Complaint framed differently, the result may have been different. However, "[a] complaint's allegations of negligence may be so specific that the plaintiff waives a claim of negligence based on other and different facts." Johnson v. Methodist Medical Center of Illinois, 10 F.3d 1300, 1305 (7th Cir. 1993). That is what happened here–the Complaint is limned to the very specific allegation that the master key card had been previously stolen and used to gain entry to Plaintiff's room.

Plaintiff has alleged, but has no evidence to support his contention, that someone stole the master key card and used it to enter his room. As such, there is no triable issue on the question of negligence and Defendants' Motion for Summary Judgment must be granted.[2]

---

[2]As an alternative argument, Defendants assert they are entitled to judgment because, upon signing into the motel, Plaintiff expressly assumed the risk by filling out the form which

10

**B.   Defendants Lachmandes's Motion To Dismiss**

Defendants Dipak and Harsh Lachmandes have also moved to dismiss this action against them.  Although this motion is effectively mooted by the Court's ruling on the Motion for Summary Judgment, the Court will address the same and finds it to be well taken.

Both of the Lachmandes claim that as owners-lessors of the subject motel property, the Complaint fails to state a claim upon which relief can be granted.  Additionally, Harsha Lachmandes asserts the claim against her is barred by the applicable statute of limitations.

At the time the original Complaint was filed, Dipak Lachmandes was named "individually and d/b/a Super 8 Motel" as the sole Defendant.  Harsha Lachmandes was first named in the Amended Complaint.[3]

Plaintiffs' sole basis for holding the Lachmandes liable is that "United Brothers, LLC is simply the alter ego of the

---

had a release of liability in it.  For numerous reasons, this Court does not believe summary judgment is appropriate on this issue.  The contract is basically one of adhesion, buried in fine print on the form.  It can hardly be said the provision was reasonable as a matter of law. See, <u>Parton v. Pirtle Oldsmobile-Cadillac</u>, 730 S.W.2d 634, 636-38 (Tenn. Ct. App. 1987)(party to printed form bound by provisions which were actually bargained for and those which are not unreasonable in light of the circumstances surrounding the transaction).

[3]In allowing the amendment, the Magistrate Judge did not rule on the propriety of adding the additional Defendants.  See, Docket Entry No. 12).

11

owners"–the Lachmandes. (Docket Entry No. 29 at 2). This is insufficient.

Under Tennessee Code § 48-217-101, a member, holder or agent of "an LLC does not have any personal obligation and is not otherwise personally liable for the acts, debts, liabilities, or obligations of the LLC whether such arise in contract, tort, or otherwise." One exception exists where the member, holder, or agent is personally liable "by reason of such person's own acts or conduct." Id.

In this case, there is a dearth of allegations to support a claim for personal liability on the part of the Lachmandes. Plaintiff has made no allegations that the conduct of either Dipak or Harsha Lachmandes caused or contributed to Plaintiff's injury. Plaintiff has not alleged that either allowed the assailants to access the motel room on the date of the incident or that they were somehow responsible for a key disappearing. As such no claim against them can be stated. See, Miller v. Ellison, 2004 WL 1467441 (Tenn. Ct. App. 2004)(dismissing claim against owner-lessor of establishment where plaintiff was assaulted because only general conclusory allegations were made about duty of care).

In addition to the foregoing, Harsha Lachmandes is entitled to dismissal because she was not added as a party until the filing of the Amended Complaint on February 24, 2005. (Docket Entry No. 13). Since this was well more than a year after the allegedly negligent

12

act, Harsha Lachmandes asserts Plaintiff's claim against her is untimely.

Recognizing that the Amended Complaint was untimely as to Harsha Lachmandes, Plaintiff seeks to save his claim against her based Rule 15(c)(3) of the Federal Rules of Civil Procedure. Reliance on that rule is unavailing.

Rule 15(c)(3) allows for relation back to the date of the original pleading when "the amendment changes the party or the naming of the party against whom a claim is asserted...." F.R.Civ.P. 15(c)(3). "Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)(3)(B)." Cox v. Treadway, 75 F.3d 230, 240 (6th 1996)(collecting cases).

Harsha Lachmandes was not named in the original Complaint. The the only defendant was Dipak Lachmandes d/b/a Super 8 Motel. Because Harsha Lachmandes was not added as a Defendant until after the time limitation for causes of action for personal injuries under T.C.A. 28-3-104 had run, dismissal of the claims against her is appropriate.

## IV. CONCLUSION

On the basis of the foregoing, the Defendants' Motion for Summary Judgment (Docket Entry No. 20) will be granted. Defendants

13

Dipak and Harsha Lachmandes's Motion to Dismiss (Docket Entry No. 19) will also be granted.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE